UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE



WAYNE HOLLAUS,

    Plaintiff,

v.

KEVIN POSALSKI, et al.,

    Defendants.

CASE NO. 2:25-cv-00268-JHC-GJL

PLAINTIFF'S RENEWED MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT MARIA DY AND REQUEST FOR ALTERNATIVE SERVICE METHODS PURSUANT TO FRCP 4(m) AND 4(e)(1)

Plaintiff Wayne Hollaus, proceeding pro se, respectfully submits this Renewed Motion for a 90-day extension of time to serve Defendant Maria Dy under Federal Rule of Civil Procedure 4(m), and requests Court assistance with alternative service methods.

I. PROCEDURAL BACKGROUND

1. On January 14, 2026, this Court denied without prejudice Plaintiff's prior motion for extension and directed Defendants Posalski and Barron to submit under seal any last known business or residential address for Defendant Dy, or alternatively to file a waiver and notice of appearance on her behalf (Dkt. 39).
2. On January 23, 2026, Defendants Posalski and Barron responded that, in their individual capacities, they do not possess the requested information. They noted that the Bureau of

1

Prisons had been unable to contact Defendant Dy by letter or telephone approximately five months earlier (Dkt. 41).

3. Defendant Dy has not yet been served, and the standard service period under Rule 4(m) has expired.

II. GOOD CAUSE AND REASONABLE DELAY

4. Good cause exists for a further 90-day extension. As a pro se incarcerated plaintiff, Plaintiff has relied in good faith on the U.S. Marshals Service for service (FRCP 4(c)(3)) and has provided all known information. See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). See Haines v. Kerner, 404 U.S. 519, 520 (1972) ('a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers').

5. The time since the Court's January 14, 2026 Order has been used, in part, to confer with Plaintiff's third-party support network regarding the feasibility and funding of private investigator or skip-trace services. These consultations were conducted respectfully and with full awareness of the security concerns this Court previously noted regarding disclosure of personal addresses of former federal employees to incarcerated litigants (Dkt. 39 at 2). Plaintiff has therefore refrained from independently pursuing private locating efforts and instead respectfully seeks the Court's guidance before proceeding.

6. Plaintiff's third-party assistants remain willing and able to assist with locating and serving Defendant Dy through appropriate, Court-approved channels if the Court so directs.

III. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:
A. Grant a 90-day extension of time from the date of this Order to complete service on Defendant Dy;
B. Order the Federal Detention Center at SeaTac and/or the Federal Bureau of Prisons to provide Defendant Dy's last known business or residential address under seal to the Clerk of Court for use by the U.S. Marshals Service in effecting service;
C. In the alternative, if the address cannot be obtained after reasonable diligence, authorize service by publication pursuant to FRCP 4(e)(1) and RCW 4.28.100;
D. If the Court deems appropriate and resources permit, direct the U.S. Marshals Service or Clerk to engage limited investigative assistance (such as a skip-trace); and
E. Grant such other relief as the Court deems just and proper.
Plaintiff notes that his response to the pending motion to dismiss filed by Defendants Posalski and Barron is currently due in late March 2026. Plaintiff is prepared to file that response in a timely manner. However, if the Court prefers that service (or alternative service authorization) on Defendant Dy be completed first, Plaintiff will follow the Court's guidance on prioritization and promptly request any necessary extension of the response deadline.

IV. CONCLUSION

Granting this limited extension and the requested assistance will permit Plaintiff to exhaust all reasonable methods to serve Defendant Dy while fully respecting institutional security concerns and advancing the interests of justice without prejudice to any party.

Dated this 27th day of February, 2026.

Sincerely and respectfully,

Wayne Hollaus
#47120-510
Federal Correctional Complex
Lompoc II
3901-Klein Blvd
Plaintiff, Pro Se

(signed via authorized third-party clerical assistant Jeffrey Stephens - See Exhibit 1 and 2)

Exhibit 1

TRULINCS 47120510 - HOLLAUS, WAYNE STEVEN - Unit: LOM-M-A

---

FROM: 47120510
TO:
SUBJECT: Declaration
DATE: 12/28/2025 06:54:38 PM

Case No. 2:25-cv-00268-JHC-GJL

```
_____ FILED
_____ LODGED    | MAIL |
_____ RECEIVED

    JAN 05 2026

       AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY
```

DECLARATION:

I, Wayne Hollaus, declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that I authorize, and have prior to authorized, Mr. Jeffrey Stephens to provide clerical services, without providing legal advice or representation, including typing dictated content and signing and filing submissions on my behalf and as instructed by me, generally, and including the following; I direct Mr. Stephens to submit the pending MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT DY, presumably to be filed Document #36, Case No. 2:25-cv-00268-JHC-GJL, and directing him to do so in the interests of efficiency and compliance.

Signed this 29 day of December, 2025.

*[signature]*

Wayne Hollaus #47120-510
Federal Correctional Institution, Lompoc II
3901- KLEIN BLVD.
LOMPOC, CA 93436

Exhibit 2

TRULINCS 47120510 - HOLLAUS, WAYNE STEVEN - Unit: LOM-M-A
------------------------------------------------------------------------

FROM: 47120510
TO: Stephens, Jeff
SUBJECT: Authorization
DATE: 05/23/2025 03:08:35 PM

## AUTHORIZATION FOR REPRESENTATION

I, Wayne Hollaus, pursuant to 28 U.S.C. Section 1746, declare under penalty of perjury that I am unable to sign the attached motion promptly due to difficulties with the mailing system at Lompoc FCI II but I authorize Jeffrey Stephens to submit these documents for me on my behalf to the U.S. District Court for the Western District of Washington.

I hereby also Authorize Jeffrey Stephens to submit documents on my behalf, and sign documents on my behalf as my representative when expedient or necessary, from this day forth to the U.S. District Court for the Western District of Washington for my Civil cases, CASE NO. 2:25-cv-00268-KKE-GJL, and 2:25-cv-00267-JHC.

Signed on this 30th day of May, 2025

Wayne Hollaus
#47120-510
FCI Lompoc, FCI II
3901- Klein BLVD
Lompoc, CA 93436