1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

WAYNE HOLLAUS,

Plaintiff,

11

v.

12

KEVIN POSALSKI, *et al.*,

13

Defendants.

14

CASE NO. 2:25-cv-00268-JHC-GJL

ORDER GRANTING IN PART
MOTION FOR EXTENSION OF
TIME TO SERVE

15        This prisoner civil rights action brought pursuant to *Bivens v. Six Unknown Named*

16  *Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), has been referred to United States

17  Magistrate Judge Grady J. Leupold. Currently before the Court is a Motion filed by Plaintiff

18  Wayne Hollaus requesting (1) an additional ninety days to effect service on Defendant Dy, (2) an

19  order directing the Federal Detention Center at Seattle Tacoma ("FDC SeaTac") and the Federal

20  Bureau of Prisons ("BOP")—which are not parties in this suit—to provide Defendant Dy's last-

21  known address under seal, and (3) authorization to serve Defendant Dy by publication.

22        For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART**. Plaintiff's

23  request for an extension is **GRANTED**, and the new deadline for Plaintiff to effect service on

24  Defendant Maria Dy is **June 11, 2026**. In addition, the United States, which is an interested party

in this litigation, **SHALL FILE under seal** any information in its possession for the last known business or residential address of Defendant Dy not later than **March 27, 2026**. All other requests are **DENIED**.

## I.    BACKGROUND

In his Amended Complaint, Plaintiff names the following individuals as Defendants: Kevin Posalski, Maria Dy, and Howard Barron. Dkt. 9. All three Defendants are, or were, BOP employees and are sued in their individual capacities. *Id.* Defendants Posalski and Barron, who have been successfully served in this action, filed a Motion to Dismiss the claims against them. Dkt. 36. To date, however, Plaintiff represents that he has been unable to locate an address at which Defendant Dy may be served.

Plaintiff has previously requested an extension of time to effect service on Defendant Dy. Dkt. 38. The Court granted Plaintiff's first request for an extension on January 14, 2026. Dkt. 39. In granting the extension, the Court also ordered Defendants Posalski and Barron to submit, under seal, any information they possessed regarding Defendant Dy's last-known residential or business address. *Id.*

On January 23, 2026, Defendants Posalski and Barron informed the Court that, in their individual capacities, they did not possess any information regarding Defendant Dy's last-known address. Dkt. 41. However, "[f]or efficiency's sake," counsel representing those Defendants advised the Court that the BOP has previously attempted to notify Defendant Dy of this lawsuit by letter and telephone but was not successful. *Id.* In other filings, the United States Attorney's Office also advised the Court that it suspected Defendant Dy had been unable to respond to attempts at contact "due to experiencing severe medical issues." Dkt. 19 at 2.

On February 27, 2026, Plaintiff filed the instant Motion seeking, among other things, another extension of time to serve Defendant Dy. Dkt. 45. The time to respond to that Motion has elapsed with no response filed. *See docket.*

## II.      DISCUSSION

**A.      Extension of Time to Serve**

First, Plaintiff requests an extension of time to serve Defendant Dy. Dkt. 45 at 1. In support of his request, Plaintiff details his efforts at attempting to locate Defendant Dy while navigating security concerns inherent to providing incarcerated individuals with the personal addresses of former government employees. *Id.* at 2 (citing Dkt. 39 at 2).

Under Federal Rule of Civil Procedure 4(m), a court may extend the time for service if the plaintiff shows good cause for the failure to serve within the prescribed period. Given Plaintiff's status as an incarcerated *pro se* litigant and the known difficulties associated with locating a defendant from custody, the Court finds good cause for an extension of the service deadlines in this case.

Accordingly, Plaintiff's request for an extension of time to effect service on Defendant Dy is **GRANTED**. Absent exceptional circumstances, no further extensions to the service deadline will be granted.

**B.      Request for Address Information from Non-parties**

Next, Plaintiff requests that the Court direct FDC SeaTac and the BOP to provide Defendant Dy's last-known address under seal. Dkt. 45 at 3. As neither of those entities are parties to this litigation, Plaintiff's request to compel action by nonparties is **DENIED**. However, as outlined below, the Court will require the United States, which is an interested party to this litigation, to file any information in its possession regarding Defendant Dy's last known address under seal.

**C.    Request for Service by Publication**

Plaintiff also requests authorization to serve Defendant Dy by publication under Rule 4(e)(1) of the Federal Rules of Civil Procedure, which permits service by methods authorized by state law, and Washington Revised Code § 4.28.100, which permits service by publication when service by other means has been unsuccessful and specific other criteria are met. Most relevant to the case at bar is when there is evidence the defendant has departed from the state "with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent." Wash. Rev. Code § 4.28.100(2).

The criteria for service by publication under Washington state law are not satisfied in this case. Efforts at identifying a viable address for Defendant Dy to effect service by other means have not been exhausted, and there is no evidence that Defendant Dy is intentionally evading service.

Accordingly, Plaintiff's request for authorization to serve Defendant Dy by publication is **DENIED**.

**D.    Deadline to Respond to Motion to Dismiss**

Finally, Plaintiff's motion references the pending Motion to Dismiss filed by Defendant Posalski and Barron and inquires whether he is required to complete service on Defendant Dy before responding to that Motion. Dkt. 45 at 3. The deadline for Plaintiff to effect service on Defendant Dy is independent of his deadline to respond to the Motion to Dismiss filed by the other Defendants. That is, Plaintiff is not required to successfully serve Defendant Dy before filing his response to the pending Motion to Dismiss. However, if Plaintiff needs additional time complete and file his response while attempting to effect service on Defendant Dy, he **MAY** file a separate motion requesting an extension on that basis.

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO SERVE - 4

1

### III.    CONCLUSION

For the reasons stated, Plaintiff's Motion (Dkt. 45) is **GRANTED IN PART**, and the

Court **ORDERS** as follows:

1. Plaintiff's request for an extension of time to serve Defendant Maria Dy is **GRANTED**, and Plaintiff shall have until **June 11, 2026**, to attempt service. Absent exceptional circumstances, no further extensions to the service deadline will be granted;

2. Plaintiff's request for an order directing the Federal Detention Center or the Bureau of Prisons to provide Defendant Dy's address information under seal is **DENIED**;

3. However, the United States, which is an interested party in this litigation, **SHALL FILE under seal** any information it has regarding the last known address for Defendant Dy **not later than March 27, 2026**. Any subsequent service documents with said address(es) **SHALL** also be **FILED UNDER SEAL**; and

4. Plaintiff's request for authorization to serve Defendant Dy by publication is **DENIED**.

Finally, if Plaintiff needs additional time to file his response to Defendants Posalski

and Barron's Motion to Dismiss (Dkt. 36) while attempting to effect service on Defendant

Dy, he **MAY** file a separate motion requesting an extension on that basis.

Dated this 13th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO SERVE - 5