The Honorable John H. Chun
The Honorable Grady J. Leupold

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE HOLLAUS,

                    Plaintiff,

          v.

KEVIN POSALSKI, *et al.*,

                    Defendants.

Case No. 2:25-cv-00268-JHC-GJL

DEFENDANTS POSALSKI AND
BARRON'S REPLY IN FURTHER
SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT

Noted for Consideration:
May 14, 2026.

This is a lawsuit against current and former federal employees in their individual capacities seeking monetary damages for alleged constitutional violations, specifically, inadequate medical care. Because monetary damages against federal employees concern judicially created damages remedies first recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), this Court should adhere to binding jurisprudence including the Supreme Court's emphasis that the creation of damages actions rests with Congress, not courts. Thus, the judicially created *Bivens* remedy cannot be extended to any "new *Bivens* context" if any "special factor counsel[s] hesitation" in doing so. *Ziglar v. Abbasi*, 582 U.S. 120, 139-140 (2017). Most, if not all, of the inadequate medical care complained of by Hollaus in his Amended Complaint occurred while he was a pretrial detainee at the Federal Detention Center, from March 2, 2023,

DEFENDANTS POSALSKI AND BARRON'S REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
[Case No. 2:25-cv-00268-JHC-GJL] - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

until September 29, 2023. Because such claims are considered Fifth Amendment claims for medical indifference, they present a new *Bivens* context in which special factors counsel against extension of *Bivens*. Furthermore, Defendants are entitled to qualified immunity for all conduct alleged in the Amended Complaint because Posalski's and Barron's alleged conduct did not rise to the level of a clearly established constitutional violation. Accordingly, this Court should grant Defendants' motion to dismiss the Amended Complaint for the reasons set forth in the motion.

## I.    ARGUMENT

### A.  Hollaus's Fourteenth Amendment Claims Must be Dismissed.

Hollaus doubles down in his opposition that he is asserting Fourteenth Amendment claims against Posalski and Barron as opposed to Fifth Amendment claims. Dkt. 53 ("Opp.") at pg. 2, ¶ 3 ("Plaintiff's Fourteenth Amendment Due Process is not a mistake; the claims are squarely protected by *Bell v. Wolfish* and the *Castro/Gordon* Fourteenth Amendment objective framework."); *id.* at pg. 6, ¶ 17 ("The Fourteenth Amendment reference is therefore not a mistake and states a cognizable Due Process claim supported by substantial precedent.").

As an initial matter, Defendants only assumed that Hollaus intended to assert Fifth Amendment claims in this lawsuit because the Fourteenth Amendment applies only to states and not the federal government. Because Hollaus still insists that his claims stemming from Posalski's and Barron's conduct during the time period when Hollaus was a pretrial detainee are asserted under the Fourteenth Amendment – as opposed to the Fifth Amendment – then those claims must be dismissed.

"It is well-settled law that actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment." *Young v. Williams*, No. 22-cv-00125, 2025 WL 42506, at *4 (S.D. Cal. Jan. 7, 2025) (internal quotation marks omitted) (citing *D.C. v. Carter*, 409 U.S. 418, 424 (1973)); *see also Hall v. Mueller*, 84 Fed. App'x 814, 815 (9th Cir. 2003) (affirming

DEFENDANTS POSALSKI AND BARRON'S REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
[Case No. 2:25-cv-00268-JHC-GJL] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

dismissal of Fourteenth Amendment claims against individual defendants because the Fourteenth Amendment "do[es] not apply to federal government actors."). Moreover, "a plaintiff cannot bring a lawsuit directly under the Fourteenth Amendment." *Stevens v. United States Government*, No. C21-0528-JCC, 2021 WL 1575238, at *2 (W.D. Wash. Apr. 22, 2021). "Instead, Plaintiff must sue for violations of his Fourteenth Amendment rights through a federal statute, 42 U.S. § 1983, which creates a cause of action against persons acting under color of *state law* for violations of constitutional rights." *Id.* (emphasis added). Here, neither Posalski nor Barron were acting under color of state law. Thus, 42 U.S.C. § 1983 cannot create a cause of action here.

Hollaus's reliance on *Bell v. Wolfish*, 441 U.S. 520 (1979), *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016), and *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018), to support his argument that his Fourteenth Amendment claims are cognizable under *Bivens* cause they do not present a "new context", is misplaced. These cases do not involve constitutional claims against federal actors in their individual capacities for monetary damages and therefore have no bearing on whether Fourteenth Amendment *Bivens* claims can be asserted against federal actors. They cannot. *See Peck v. United States*, No. 19-cv-01023, 2020 WL 957413, at *4 (D. Nev. Feb. 27, 2020) ("The Supreme Court has never recognized a *Bivens* claim based on a federal officer's violation of the … Fourteenth Amendment[]."). Therefore, Hollaus's Fourteenth Amendment claims must be dismissed with prejudice.[1]

### B. Defendants are Entitled to Qualified Immunity.

Hollaus bears the burden of proving that the rights allegedly violated were clearly established. *Galen v. County of Los Angeles*, 477 F.3d 652, 665 (9th Cir. 2007). In his opposition,

---

[1] To the extent this Court agrees with Defendant that Hollaus's Fourteenth Amendment claims should be treated as Fifth Amendment claims, those claims must still be dismissed for the reasons set forth in Defendant's moving brief. Dkt. 36 at pgs. 6-16.

DEFENDANTS POSALSKI AND BARRON'S REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
[Case No. 2:25-cv-00268-JHC-GJL] - 3

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

he relies on cases that he argues supply the governing "objective unreasonableness standard for pretrial detainees' claims of inadequate medical care and conditions of confinement," Opp. at pg. 11, ¶ 38, but he does not identify a case that would have put either Barron or Posalski on notice that they could be found liable for violations of the Fifth or Eighth Amendment under similar circumstances.

For example, Hollaus cites to *Fraihat v. U.S. Immigr. and Customs Enf't*, 16 F.4th 613 (9th Cir. 2021), to argue that that the "clearly established" prong has been satisfied. In *Fraihat*, the Ninth Circuit reversed a district court's preliminary injunction arising out of COVID-19 directives at immigration detention centers because the plaintiffs were not likely to succeed on the merits of their claims. Specifically, the plaintiffs could not show that defendants' conduct was "objectively unreasonable" which necessarily turns on the facts and circumstances of each particular case. *Id.* at 636-637. Therefore, other than reiterating the elements of a deliberate indifference claim, Hollaus does not explain why this case, or any other he cites, would have placed Defendants on notice that their alleged conduct violated his clearly established rights under either the Fifth or the Eighth Amendment. For the reasons set forth in the moving brief, Posalski and Barron are entitled to qualified immunity.

### C. Hollaus's Eighth Amendment Claims Must Separately be Dismissed.

Defendants also moved to dismiss Hollaus's Eighth Amendment claims because the Amended Complaint fails to allege facts sufficient to show that either Posalski or Barron were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" to Hollaus, and they actually "dr[e]w the inference" under the Eighth Amendment's more demanding *subjective* deliberate indifference standard. *Sandoval v. County of San Diego*, 985 F.3d 657, 667-68 (9th Cir. 2021). *See also* Dkt. 36 at pg. 17.

DEFENDANTS POSALSKI AND BARRON'S REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
[Case No. 2:25-cv-00268-JHC-GJL] - 4

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

In response, Hollaus argues that during the post-sentencing time period governed by the Eighth Amendment, from September 29, 2023, until November 8, 2023, he still did not receive ankle or knee braces, joint care, or a requested sick call visit, which are "classic Eighth Amendment" allegations. Opp. at pg. 15, ¶¶ 58-60. But according to Hollaus, on July 27, 2023, Barron repeated Posalski's previous response that until the facility received verification that an ankle and knee brace were needed from previous medical records or an x-ray he could not be provided with a brace. Am. Compl., Dkt. 9, at ¶ 1.109. Therefore, only the Fifth Amendment should apply to Barron's alleged conduct during the time when Hollaus was still a pretrial detainee. In any event, these allegations are insufficient to show that either Posalski or Barron were actually aware of a substantial risk of serious harm to Hollaus under the Eighth Amendment's subjective standard. *See, e.g.*, *Char v. Jefferson*, No. 23-00474, 2024 WL 839555, at \*8 (D. Haw. Feb. 28, 2024) (holding that the plaintiff had not plausibly alleged that a prison employee was deliberately indifferent to a serious medical need because the alleged facts showed that the employee confiscated the knee brace because he believed that inmate was not allowed to have it, not out of deliberate indifference to the inmate's medical need). Furthermore, Hollaus does not allege that during the relevant time period governing his Eighth Amendment claim, that he interacted or corresponded with either Posalski or Barron.

Because Hollaus's allegations are insufficient to establish a claim for deliberate indifference to a serious medical need under the Eighth Amendment, these claims must be dismissed.

## II.     CONCLUSION

This Court should dismiss all claims against Defendants Posalski and Barron.

//

//

DEFENDANTS POSALSKI AND BARRON'S REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
[Case No. 2:25-cv-00268-JHC-GJL] - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

DATED this 14th day of May, 2026.

Respectfully submitted,

s/ Kristen R. Vogel
KRISTEN R. VOGEL, NY No. 5195664
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email:  kristen.vogel@usdoj.gov

*Attorney for Posalski and Barron*

I certify that this memorandum contains 1,379 words, in compliance with the Local Rules.

DEFENDANTS POSALSKI AND BARRON'S REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
[Case No. 2:25-cv-00268-JHC-GJL] - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of the United States Attorney for the Western District of Washington and of such age and discretion as to be competent to serve papers.

I further certify on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF participant(s):

- 0 -

I further certify on this date, I arranged for service of the foregoing on the following non-CM/ECF participant(s), via Certified Mail with return receipt, postage prepaid, addressed as follows:

Wayne Steven Hollaus, #47120-510
FCI Lompoc II
Federal Correctional Institution
3901 Klein Blvd
Lompoc, CA 98436

DATED this 14th day of May, 2026.

s/ Hung Nguyen
HUNG NGUYEN, Paralegal Specialist
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: (206) 553-7970
Fax:    (206) 553-4073
Email: hung.nguyen@usdoj.gov

DEFENDANTS POSALSKI AND BARRON'S REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT
[Case No. 2:25-cv-00268-JHC-GJL] - 7

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970