ORIGINAL

_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

JUN 29 2026   *Hh*

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT ~~TACOMA~~ **SEATTLE**

| | |
|---|---|
| WAYNE HOLLAUS,<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN POSALSKI, et al.,<br><br>        Defendants. | CASE NO. 2:25-cv-00268-JHC-GJL<br><br><br>PLAINTIFF'S MOTION TO STAY BIVENS CLAIMS PENDING SUPREME COURT DECISION IN NIELSEN v. WATANBE, NO. 25-417 |

Plaintiff Wayne Hollaus, appearing pro se, respectfully moves this Court for an order staying all Bivens claims in this action pending the Supreme Court's decision in Nielsen v. Watanabe, No. 25-417 (cert. granted June 22, 2026), and any related proceedings in Mohan v. Watkins, No. 25-952. In support of this motion, Plaintiff states as follows:

## I.   INTRODUCTION

Plaintiff brings Bivens claims under the Fourteenth Amendment (pretrial period, March 2 – September 29, 2023) and Eighth Amendment (post-sentencing period) alleging deliberate indifference to serious medical needs at FDC SeaTac, including confiscation and delayed replacement of his CPAP machine and

1

full-face mask, denial/delay of medically necessary orthotics and soft shoes, failure to provide ankle/knee braces or x-rays, inadequate blood pressure monitoring and medication management, and systemic failures in sick-call access. Defendants Posalski and Barron have moved to dismiss these Bivens claims on new-context and special-factors grounds. The Supreme Court has now granted certiorari in a closely analogous case that directly implicates the precise legal questions raised in the pending motion to dismiss. A stay of the Bivens claims will promote judicial economy, avoid inconsistent rulings, and preserve Plaintiff's ability to benefit from the forthcoming Supreme Court guidance.

## II.    BACKGROUND

On January 30, 2026, Defendants Posalski and Barron filed their Motion to Dismiss the Amended Complaint, arguing primarily that Plaintiff's Fifth/Fourteenth Amendment pretrial medical-indifference claims present a new Bivens context under Ziglar v. Abbasi, 582 U.S. 120 (2017), and that special factors, including the Bureau of Prisons Administrative Remedy Program (ARP), 28 C.F.R. § 542.10 et seq., counsel against implying a damages remedy. The motion also raises qualified immunity. The FTCA claims against the United States are not addressed in that motion and are the subject of a separate filing.

2

## III.    ARGUMENT

A. The Supreme Court Has Granted Certiorari in a Closely Analogous Eighth Amendment Medical-Indifference Case

On June 22, 2026, the Supreme Court granted certiorari in Nielsen v. Watanabe, No. 25-417 (9th Cir.). That case involves Eighth Amendment deliberate indifference claims by a federal prisoner against medical staff at FDC Honolulu for failure to provide adequate care for serious chronic pain following an assault. The questions presented directly concern the scope and continuing vitality of Carlson v. Green, 446 U.S. 14 (1980), in the context of federal prison medical care, including whether such claims fit within Carlson or present a new context, and the weight to be given the BOP ARP as a special factor.

A related petition remains pending in Mohan v. Watkins, No. 25-952 (7th Cir.), which additionally involves a pretrial detainee raising Fifth Amendment medical-indifference claims for chronic post-surgical pain. These cases squarely address the legal framework that governs Plaintiff's Bivens claims here.

B. Staying the Bivens Claims Serves Judicial Economy and Prevents Inconsistent Results

The precise issues briefed in Defendants' Motion to Dismiss are now before the Supreme Court:

o The scope of Carlson v. Green for federal prison medical care and the effect of the BOP ARP. See Abbasi, 582 U.S. at 137 ("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action."); Goldey v. Fields, 606 U.S. 942 (2025) (reversing on special-factors grounds in the BOP context).

o Whether Fifth Amendment pretrial medical-indifference claims present a "new Bivens context." See Ziglar v. Abbasi, 582 U.S. 120, 148 (2017) ("The constitutional right is different here, since Carlson was predicated on the Eighth Amendment and this claim is predicated on the Fifth."); Stanard v. Dy, 88 F.4th 811, 818 (9th Cir. 2023) ("There is little doubt that [the plaintiff's] Fifth Amendment claim [challenging the quality of medical care he received as a pre-sentencing detainee] does present a new context.").

4

A stay will allow this Court to benefit from the Supreme Court's forthcoming guidance rather than issuing a ruling that may be undermined or require revisiting.

### C. This Court Has Inherent Authority to Grant a Stay

District courts possess inherent authority to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Stays pending Supreme Court review in analogous cases are routinely granted, particularly where, as here, the pending Supreme Court cases address the exact doctrinal questions raised in a dispositive motion.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

(a.) Staying all Bivens claims in this action pending the Supreme Court's decision in Nielsen v. Watanabe, No. 25-417 (cert. granted June 22, 2026), and any related proceedings in Mohan v. Watkins, No. 25-952; and

5

(b.)    Keeping the FTCA claims stayed (or deferring any ruling on whether the FTCA claims should proceed independently) pending the Court's ruling on this motion.

Plaintiff will file an appropriate motion regarding the FTCA claims after the Court rules on the request to stay the Bivens claims.

Dated this 29th day of June, 2026.

Sincerely and respectfully,

Wayne Hollaus
#47120-510
Federal Correctional Complex
Lompoc II
3901-Klein Blvd
Plaintiff, Pro Se

(signed via authorized third-party clerical assistant Jeffrey Stephens, as authorized numerous times prior in the docket (Dkt. 37, 49, etc.))