UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE HOLLAUS,

Plaintiff,

v.

KEVIN POSALSKI, *et al.*,

Defendants.

CASE NO. 2:25-cv-00268-JHC-GJL

REPORT AND RECOMMENDATION

Noting Date: **August 6, 2026**

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Plaintiff Wayne Hollaus, proceeding *pro se*, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is before the Court on Plaintiff's Motion to Stay, to which Defendants have not responded. Dkt. 56. Upon review, the undersigned recommends Plaintiff's Motion (Dkt. 56) be **GRANTED** and Defendants' Motion to Dismiss (Dkt. 36) be **DENIED without prejudice with the right to refile once the stay is lifted**.

## I. LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*,

299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## II. DISCUSSION

On June 29, 2026, Plaintiff filed a Motion to Stay this case in light of the United States Supreme Court's grant of a writ of certiorari in *Nielsen v. Watanabe,* No. 25-417, 2026 WL 1780123, at *1 (U.S. June 22, 2026). Dkt. 56. The question presented in that case is whether the Ninth Circuit erred in recognizing a *Bivens* cause of action where prison officials allegedly failed to provide medical treatment that was factually distinguishable from previously recognized *Bivens* contexts and notwithstanding the alternative remedial scheme not previously considered. *Nielsen v. Watanabe,* No. 25-417, Petition for a Writ of Certiorari (U.S. filed Oct. 3, 2025). The Court finds good cause for staying these proceedings pending the Supreme Court's decision in *Nielsen*.

Here, Plaintiff's *Bivens* claims concern the constitutionality of medical care provided during his time as a pretrial detainee and a convicted prisoner at the Federal Detention Center in SeaTac, Washington. Dkt. 9. Thus, the Supreme Court's forthcoming decision in *Nielsen* will

clarify—and may significantly alter—the legal framework governing whether Plaintiff's claims may proceed under *Bivens*. Because the issues presented in *Nielsen* bear directly on the viability and scope of Plaintiff's claims, resolution of that case is likely to simplify the questions of law presented here and may materially affect the disposition of this action. Under these circumstances, the interests of judicial economy and the orderly administration of justice weigh strongly in favor of staying these proceedings pending the Supreme Court's decision. *See Lockyer*, 398 F.3d at 1110.

Moreover, since the decision in *Nielsen* may substantially alter the legal landscape governing Defendants' arguments for dismissal, the undersigned further recommends that Defendants' Motion to Dismiss (Dkt. 36) be denied without prejudice for refiling after the stay is lifted. Resolving the pending Motion now would risk unnecessary expenditure of judicial resources and would likely require duplicative briefing by the parties or efforts to seek reconsideration following the Supreme Court's decision. Denying the Motion without prejudice would avoid these inefficiencies and wasted resources while permitting the parties to address the controlling law as clarified by the Supreme Court once these proceedings resume.

## III. CONCLUSION

Accordingly, the undersigned recommends Plaintiff's Motion to Stay (Dkt. 56) be **GRANTED** and Defendants' Motion to Dismiss (Dkt. 36) be **DENIED without prejudice with the right to refile once the stay is lifted**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

*v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 6, 2026**, as noted in the caption.

Dated this 22nd day of July, 2026.

Grady J. Leupold
United States Magistrate Judge